| Case No. | **CV 17-4652 DMG (AFMx)** | Date | June 27, 2017 |
|---|---|---|---|

Title *Barbara Rosenberg v. Hatia Lewis*

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| Kane Tien | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| Not Present | Not Present |

**Proceedings: IN CHAMBERS – ORDER REMANDING MATTER TO STATE COURT**

      On April 27, 2017, Barbara Rosenberg ("Plaintiff") instituted unlawful detainer proceedings against Hatia Lewis ("Defendant") in state court. Defendant has allegedly continued in unlawful possession of the property located at 115 E. Beach Avenue, #2, Inglewood, CA 90302 (the "Property") that is owned by Plaintiff. (Compl. ¶ 3.) On August 27, 2012, Plaintiff entered into a month to month tenancy with Defendant at a rate of $925.00 per month. (Compl. ¶ 6.) Plaintiff estimates the fair rental value of the property as $30.83 per day. (Compl. ¶ 11.) Plaintiff filed the unlawful detainer Complaint in state court after Defendant failed to comply with the notice to quit. The face of the Complaint states that the amount demanded does not exceed $10,000, and Plaintiff specifically alleges past due rent accruing at a rate of $30.83 per day since April 25, 2017 and reasonable attorney fees. Defendant filed a Demurrer to the Complaint claiming that the Complaint is defective in that the Notice to Quit was defective. (Notice of Removal ¶ 8.) Defendant removed the action to this Court on June 23, 2017. Defendant asserts federal question jurisdiction in this Court: "Federal question exists because Defendant's Demurrer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (Notice of Removal, ¶ 10.) Diversity jurisdiction is not alleged. (Civil Cover Sheet at 1.)

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, see Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). A

"strong presumption" against removal jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if Defendant alleged an actual or anticipated federal defense to the claim or a counterclaim arising under federal law. See Caterpillar, Inc., 482 U.S. at 392-93; Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint. Accordingly, Defendant has failed to meet her burden of showing federal question jurisdiction exists.

　　　　Moreover, the Notice of Removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 -- well below the statutory threshold of $75,000. The Complaint specifically asserts a claim for ongoing damages at a rate of $30.83 per day since April 25, 2017 and reasonable attorney fees. (Compl. at ¶¶ 11, 17.) Defendant has made no plausible allegations showing how those damages would exceed $75,000. Nor has Defendant alleged diversity of citizenship.

　　　　The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve his order on all parties who have appeared in this action.